KENNETH H. STONE, ESQ., Bar #84836
**THE STONE LAW GROUP APC**
225 Broadway, Suite 1720
San Diego, CA 92101
(619) 233-1818-Telephone
(619) 233-3256-Facsimile
khstone@hotmail.com

Attorney for Plaintiffs,
      INDUSTRIAS ASOCIADAS MAQUILADORAS S.A. DE C.V.,
      a Mexican Corporation; INMOBILIARIA IAMSA S.A. DE C.V.,
      a Mexican Corporation

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INDUSTRIAS ASOCIADAS MAQUILADORAS S.A. DE C.V., a Mexican Corporation; INMOBILIARIA IAMSA S.A. DE C.V., a Mexican Corporation<br><br>    Plaintiffs,<br><br>vs.<br><br>GLOBAL TRADE LOGISTICS INC., a Nevada Corporation, and DOES 1 through 5, inclusive<br><br>    Defendants. | **CASE NO.: '20CV1561 WQHAHG**<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1.    **BREACH OF GUARANTY; and**<br>2.    **BREACH OF GUARANTY** |

Plaintiffs, INDUSTRIAS ASOCIADAS MAQUILADORAS S.A. DE C.V. (hereinafter referred to as "IAMSA") and INMOBILIARIA IAMSA S.A. DE C.V. (hereinafter referred to as "INMOBILIARIA") allege upon information and belief as follows:

## PARTIES

1.    Plaintiffs IAMSA and INMOBILIARIA are, and at all times herein mentioned were, corporations organized and existing under the laws of Mexico engaged in the business of leasing industrial space, having their principal place of business in Mexicali, B.C., Mexico.

2.    Defendant GLOBAL TRADE LOGISTICS, INC. (hereinafter referred to as "Defendant" or "GLOBAL") was and now is a Nevada Corporation organized and existing under the laws of the State of Nevada, having its principal place in Nevada.

3.    Plaintiffs are ignorant of their true names and capacities of Defendants sued herein as DOES 1-5, inclusive, and therefore sue said Defendants by such fictitious names. Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe and thereon allege that each of the DOE Defendants are in some manner responsible for the acts and occurrences hereinafter alleged and/or for the damages and injuries herein alleged.

4.    At all times herein mentioned Defendants, and each of them, including the DOE Defendants, were the agents, servants or employees of each Defendant named herein, and at all times herein mentioned, each of said Defendants was acting within the course and scope of said agency, service or employment.

## JURISDICTION AND VENUE

5.    This Court has subject matter of jurisdiction over this action under 28 U.S.C §1332 based on diversity of citizenship of the Parties and the amount in controversy exceeds $75,000.

6.    Venue is proper under 28 U.S.C. §1391 in that the Parties agreed that the Guaranties that are the subject of this action would be governed by the laws of the State of California and that they would submit to the jurisdiction and venue of the United States District Court for the Southern District of California, or the Superior Court for the County of San Diego, San Diego Judicial District.

### FIRST CAUSE OF ACTION
#### (Breach of Guaranty [LOMA] by IAMSA against GLOBAL)

7.    IAMSA hereby realleges and incorporates paragraphs 1-6 of this Complaint as though fully set forth herein at length.

8.    On or about May 9, 2014 IAMSA and Defendant entered into a written Guaranty, a true and accurate copy of which is attached hereto as **Exhibit 1**, whereby

2

Defendant GLOBAL guaranteed a Lease dated April 25, 2014 between Plaintiff and Defendant's Mexican Subsidiary, GLOBAL TRADE LOGISTICS MEXICO, S. DE R.L. CV. pertaining to a lease of industrial space (the "LOMA Lease").

9.    IAMSA has performed all conditions and covenants on its part to be performed under the terms of the LOMA Lease and the Guaranty.

10.    On or about October 1, 2019 GLOBAL TRADE LOGISTICS MEXICO, S. DE R.L. CV. breached the LOMA Lease that was the subject of the Guaranty, **Exhibit 1,** by failing to pay the rent, maintenance fees and other payments due under the LOMA Lease.

11.    Since October 1, 2019, IAMSA has made numerous requests upon Defendant for payment of the LOMA Lease obligations; however Defendant has refused and continues to refuse to pay any sum pursuant to the Guaranty.

12.    As a direct and proximate result of the Breach of Guaranty by Defendant, as aforesaid, IAMSA has been damaged in the amount of $654,782.11, representing past due rent and rent due for the remaining term of the lease, including maintenance fees, IVA, insurance and property taxes.

13.    The Guaranty, **Exhibit 1**, provides that IAMSA is entitled to reasonable attorneys fees and all other costs and expenses incurred in enforcing the Guaranty.  As a result of Defendant's breach of Guaranty, as aforesaid, IAMSA has been required to retain the services of an attorney and seeks to recover attorneys fees, costs and expenses of suit in enforcing the subject Guaranty.

**SECOND CAUSE OF ACTION**
**(Breach of Guaranty [RIO]**
**by IAMSA against GLOBAL)**

14.    INMOBILIARIA hereby realleges and incorporates paragraphs 1-6 of this Complaint as though fully set forth herein at length.

15.    On or about July 19, 2017, IAMSA and Defendant entered into a written Guaranty, a true and accurate copy of which is attached hereto as **Exhibit 2**, whereby Defendant GLOBAL guaranteed a Lease dated June 20, 2017 between IAMSA and Defendant's Mexican Subsidiary, GLOBAL TRADE LOGISTICS MEXICO, S. DE

3

R.L. CV. pertaining to a lease of industrial space (the "RIO Lease"). On or about February 1, 2018, IAMSA, INMOBILIARIA, and GLOBAL TRADE LOGISTICS MEXICO, S. DE R.L. CV. entered into an Addendum to the June 20, 2017 Lease substituting INMOBILIARIA as Landlord for IAMSA. On or about May 19, 2020 IAMSA entered into a written assignment of Guaranty, assigning its rights under the Guaranty to INMOBILIARIA.

16.    IAMSA and INMOBILIARIA have performed all conditions and covenants on their part to be performed.

17.    On or about October 1, 2019 GLOBAL TRADE LOGISTICS MEXICO, S. DE R.L. CV. breached the RIO Lease by failing to pay the rent, maintenance fee, IVA, and other expenses due under that lease.

18.    Since October 1, 2019, INMOBILIARIA has made numerous requests upon Defendant for payment of the RIO Lease obligations; however Defendant has refused and continues to refuse to pay any sum pursuant to the Guaranty.

19.    As a direct and proximate result of the Breach of Guaranty by Defendant, as aforesaid, INMOBILIARIA has been damaged in the amount of $3,590,906.79, representing past due rent and rent due for the remaining term of the lease, including maintenance fees, IVA, insurance and property taxes.

20.    The Guaranty, **Exhibit 2**, provides that INMOBILIARIA is entitled to reasonable attorneys fees and all other costs and expenses incurred in enforcing the Guaranty. As a result of Defendant's breach of Guaranty, as aforesaid, INMOBILIARIA has been required to retain the services of an attorney and seeks to recover attorneys fees, costs and expenses of suit in enforcing the subject Guaranty.

**WHEREFORE,** Plaintiffs demands judgment against Defendant as follows:

1.    For special damages to be awarded to IAMSA in the amount of $654,782.11 on the First Cause of Action;

2.    For special damages to be awarded to INMOBILIARIA in the amount of $3,590,906.79 on the Second Cause of Action;

4

3.  For prejudgment interest according to proof;

4.  For attorney fees and costs pursuant to the Guaranties;

5.  For such other and further relief as the court deems proper.

**THE STONE LAW GROUP APC**

DATE: August 12, 2020

By: ___/s/ *Kenneth H. Stone*___
KENNETH H. STONE, ESQ.
Attorney for Plaintiffs, INDUSTRIAS
ASOCIADAS MAQUILADORAS
S.A. DE C.V., a Mexican Corporation &
INMOBILIARIA IAMSA S.A. DE C.V.,
A Mexican Corporation

5